**350**

ATMORE & SONS, Inc., v. ROTHENSIES, Collector of Internal Revenue.

No. 183.

District Court, E. D. Pennsylvania.

June 3, 1940.

George P. Orr and Orr, Hall & Williams, all of Philadelphia, Pa., and Alfred D. Van Buren, of New York City, for plaintiff.

J. Cullen Ganey, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by plaintiff to recover certain assessed floor taxes and interest paid by the plaintiff under the provisions of the Liquor Taxing Act of 1934, c. 1, Sec. 10(a), 48 Stat. 315, 26 U.S.C.A. § 1151a (1934 edition). The case was tried without a jury.

Findings of Fact

1. Plaintiff is a Pennsylvania corporation, with its place of business at Philadelphia, Pennsylvania.

2. Defendant, Walter J. Rothensies, a citizen of the State of Pennsylvania, is the Collector of Internal Revenue for the First District of Pennsylvania, maintaining his office at Philadelphia, Pennsylvania.

3. Plaintiff since 1831 has been engaged in the manufacture of mincemeat and plum pudding in which distilled spirits have been used, and prior to the Liquor Taxing Act of 1934 purchased quantities of alcohol and brandy, receiving fifty drums of alcohol on January 6, 1934 several days before the Liquor Taxing Act became effective. Each drum contained fifty-four gallons.

4. Plaintiff prior to January 12, 1934, the effective date of the Liquor Taxing Act of 1934, added thirteen and one-half ounces of powdered cinnamon spice to each fifty-four gallons of alcohol or one-quarter of an ounce of powdered cinnamon spice to each gallon of alcohol and a like amount of cinnamon to each gallon of brandy, the regular formula used by plaintiff in preparing the alcohol and brandy in the manufacture of mincemeat.

5. Within thirty days after the effective date of Title 1 of the Liquor Taxing Act of 1934, plaintiff made and filed a return or report of the alcohol and brandy with cinnamon added and a quantity of wine held by it on that date.

6. In March 1934 an assessment was made and listed by the Commissioner of Internal Revenue against plaintiff in the total sum of $5,862.79. This consisted of $4,617 floor tax on 5,130 proof gallons of alcohol at 90 cents per proof gallon; $68.13 floor tax on 75.7 proof gallons of brandy at 90 cents per proof gallon; $5.10 floor tax on 51 gallons of wine at 10 cents per gallon, and $1,172.56 penalty of 25% for failure to file a return. This assessment was forwarded to the defendant collector and payment was demanded by him on June 19, 1934.

7. On June 12, 1934, plaintiff filed with the defendant a claim for the abatement of the floor tax and penalty and the Bureau

of Internal Revenue subsequently allowed the plaintiff's claim in the sum of $1,177.66, constituting the floor tax of $5.10 on the wine and the penalty of $1,172.56, and rejected the claim of $4,685.13 constituting the tax on the alcohol and on the brandy.

8. Pursuant to demand, on July 9, 1936, plaintiff under protest paid the defendant the sum of $5,258.49, constituting the $4,685.13 floor tax and $573.36 on account of interest, and on August 19, 1936, the further sum of $332.25 balance of interest claimed, amounting in all to $5590.74.

9. On December 9, 1936, plaintiff filed a claim for the refund of the floor taxes and interest paid, which claim was rejected by the Commissioner of Internal Revenue.

10. The alcohol and brandy with cinnamon added was later used by the plaintiff in the manufacture or production of mincemeat, an article intended for sale.

11. The addition of one-fourth of an ounce of cinnamon spice to a gallon had no effect on the potability or beverage character of the alcohol or the brandy.

12. The addition of the cinnamon did not change the character of the alcohol and brandy as to justify their classification as an extract.

13. The addition of the cinnamon to the alcohol and brandy did not change their character as a distilled spirit.

## Discussion

"Distilled spirits, spirits, alcohol, and alcoholic spirits, * * * is that substance known as ethyl alcohol, hydrated oxide of ethyl, or spirit of wine, which is commonly produced by the fermentation of grain, starch, molasses, or sugar, including all dilutions and mixtures of this substance." 26 U.S.C.A. Int.Rev.Code § 2809 (b) (1).

The floor tax involved in this case is set forth in Section 10 a of the Liquor Taxing Act of January 11, 1934, 48 Stat. 315, 26 U. S.C.A. 1151a (1934 edition).[1]

The distilled spirits in this case were held to be used in the manufacture of mincemeat and therefore come within the section of the Liquor Taxing Act cited in the note because it was held "for use in the manufacture or production of any article intended for sale." The sole issue is: Did the addition of this powdered cinnamon sufficiently alter the character of the alcohol as to change its classification from that of distilled spirits?

· During the period of national prohibition "flavoring extracts and sirups that are unfit for use as a beverage, or for intoxicating beverage purposes" were exempt from the provisions of the Act prohibiting the sale of intoxicating liquors. 27 U.S.C. A. § 13 (e). Government experts testified that during national prohibition the Government considered the addition of 2% of oil of cinnamon necessary to render distilled spirits impotable and unfit for beverage use and the Government regulations required the addition of this amount of oil of cinnamon to change the character of the liquid from distilled spirits to a bona fide flavoring extract. It was further testified that there is a very small percentage of oil of cinnamon present in powdered cinnamon and that the small amount of powdered cinnamon added to the spirits in the instant case in no way affected the potability or beverage character of the spirits. It was in fact testified that if the 190 proof alcohol to which the cinnamon was added by plaintiff were diluted to potable strength, the addition of the amount of cinnamon used in this case would flavor it and improve the taste.

Counsel for plaintiff has called our attention to Section 303 of the Revenue Act of 1917, 40 Stat. 309, and Section 604 of the Revenue Act of 1918, 40 Stat. 1107, both of which imposed a floor tax, and to Volume 31 Opinions of Attorneys General 194 and Volume 32 Opinions of Attorneys General 481. The Revenue Acts of 1917 and 1918 contained the proviso that the floor tax shall be imposed on distilled spirits "if intended for sale for beverage purposes or for use in the manufacture or production of any article used or intended for use as a beverage." No similar proviso restricting

---

[1] "Upon all distilled spirits produced in or imported into the United States upon which the internal-revenue tax imposed by law has been paid, and which, on the day this title takes effect, are held by any person and intended for sale or for use in the manufacture or production of any article intended for sale, there shall be levied, assessed, collected, and paid a floor tax equal to the amount if any, by which the tax provided for under this title exceeds the tax so paid, not including in the computation of the tax so paid the 30 cent tax imposed by section 605 of the Revenue Act of 1918."

the scope of the imposition of the tax is found in the 1934 Act, and therefore these prior opinions are in no way controlling.

In the plaintiff's complaint there is included as an exhibit a letter from the Deputy Commissioner of Internal Revenue setting forth the reasons for disallowing the plaintiff's claim. There appear these two paragraphs:

■ "The obvious purpose of the Congress in levying this floor tax was to equalize or balance, on the day after the passage of the act, the taxes on spirits held for any purpose with those that might thereafter be imported or withdrawn from domestic warehouses. By this means it precluded importations and withdrawals from domestic warehouses in anticipation of the increase in taxation for the purpose of saving tax. It also enabled persons 'paying the tax on spirits' after the passage of the act to sell their spirits and the products made therewith in competition with the floor stocks previously taxpaid at the lower rates.

"The above-quoted section clearly imposes a floor tax upon all spirits held on the date mentioned for sale or for use in the manufacture or production of any article intended for sale, whether for beverage or non-beverage purposes. The chemist representing this office has reported that alcohol and brandy treated with cinnamon * * * in the proportion mentioned do not lose their character as distilled spirits, but, on the contrary, are ac-tually rendered more potable. They were, of course, not mince meat or plum pudding. If the cinnamon * * * had not been added, there would be no question that the alcohol and brandy would be subject to the floor tax, and since the addition of the cinnamon has not materially changed the character of the spirits, the Bureau must hold that the floor tax is properly due thereon."

I find myself in accord with the views expressed therein.

### Conclusions of Law

■ 1. The burden of proof that the alcohol and the brandy were converted into extracts was on the plaintiff and the plaintiff failed in such proof.

2. The plaintiff failed to sustain the averments in its bill of complaint.

3. The five thousand, one hundred and thirty (5,130) proof gallons of alcohol, and the seventy-five and seven-tenths (75.7) proof gallons of brandy were subject to the floor tax enumerated in the Liquor Taxing Act of 1934 at the rate stated therein.

4. Motion of plaintiff for judgment should be denied and an exception noted for plaintiff.

5. Judgment should be entered in favor of the defendant, and for the defendant's costs.

So ordered.